In re CORPORATE JET AVIATION, INC., Debtor.

CORPORATE JET AVIATION, INC., Plaintiff,

v.

Charles D. VANTRESS, Defendant.

Bankruptcy No. 81–05249A.
Adv. No. 82–0651A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 28, 1983.

Stacey W. Cotton, Cotton, White & Palmer, and Richard A. Katz, Atlanta, Ga., for plaintiff.

---

**2.** *11 U.S.C. § 301.*

C. Edward Dobbs, Kutak, Rock & Huie, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the defendant's Motion to Dismiss Portion of Complaint, for Partial Judgment on the Pleadings, and for Partial Summary Judgment concerning Count Five of the plaintiff's complaint. Count Five of the plaintiff's complaint alleges that the redemption of stock by the payment of $450,000.00 on March 31, 1981 to the defendant constitutes a preferential transfer which may be avoided as provided by 11 U.S.C. § 547. The defendant contends that his status as a stockholder at the time of the transfer is not equivalent to that of a creditor or of a claim holder; and, therefore, the transfer to him could not have been

"(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transaction was made ..."

as is required by § 547 of the Bankruptcy Code in order to constitute an avoidable preference.

The plaintiff has argued that because stockholders of a corporation are the equitable owners of a corporation's property, in the event that the corporation is dissolved, the corporate assets belong to its stockholders. This inchoate interest is argued to be a "claim" within the broad definition of "claim" set forth in the Bankruptcy Code. 11 U.S.C. § 101(4). The plaintiff also argues that because a creditor is defined as an "entity that has a claim against the debtor ...", the plaintiff's inchoate "claim" made the defendant a pre-petition creditor of the debtor.

The litigants have cited no case to the Court in support of either of their positions. The Court's research has directed it to the case of In re Pine Lake Village Apartment Company, 21 B.R. 478, 8 BCD 1334 (Bkrtcy. S.D.N.Y.1982) in which Judge Schwartzberg held that partnership interests do not constitute claims, as defined by 11 U.S.C.

§ 101(4), for the purpose of determining whether there is one class of claims which affirmatively accepts a plan of reorganization, as required by 11 U.S.C. § 1129(a)(10) for confirmation. While Pine Lake is not directly analogous to the instant case, the analysis contained therein, which recognizes that equity security holders are not claim holders, is equally applicable to the preference provisions of § 547 of the Bankruptcy Code.

Therefore, the Court finds that Charles D. Vantress was not a creditor of Corporate Jet Aviation, Inc. at the time his stock was redeemed by Corporate Jet Aviation, Inc. Accordingly, the defendant's Motion for Judgment on the Pleadings concerning Count Five of the plaintiff's complaint is granted.

IT IS SO ORDERED.